IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTONIO PETERSON, | |
| --- | --- |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 18-1691 |
| JAMES PITTS, | |
| *Defendant.* | |

**PAPPERT, J.**            August 14, 2019

### MEMORANDUM

*Pro se* Plaintiff Antonio Peterson was arrested and prosecuted for the murder of Robert Bundy. He was found not guilty of that crime in 2016. Peterson contends in this lawsuit that he was only charged and prosecuted because Detective James Pitts concealed video evidence placing Peterson elsewhere at the time of Bundy's death. Pitts now moves for summary judgment, arguing that there is no record evidence to support a malicious prosecution claim under the Fourth Amendment or any purported claim under the Fourteenth Amendment. Since Peterson failed to respond to the Motion, the Court treats it as uncontested and enters judgment for Pitts for the reasons that follow.

I

Peterson's claims arise from his prosecution for Bundy's murder in the Philadelphia County Court of Common Pleas. On January 17, 2015, Pitts submitted an Affidavit of Probable Cause summarizing the events of the shooting resulting in Bundy's death on October 26, 2013. *See* (Def.'s Mem. Supp. Mot. Summ. J., Ex. D, ECF

1

No. 19).¹  His Affidavit included the testimony of a witness who positively identified Peterson from a photo array as the man "with the half mask, whom Robert Bundy escorted to the door . . . immediately prior to hearing the gunshots and seeing Robert Bundy shot."  *See* (*id.*, Ex. D).  On January 23, 2015, Peterson was arrested and charged with Bundy's murder.  *See Com. v. Antonio Peterson-Lynn*, CP-51-CR-0003901-2015.²  On May 13, 2016, the jury returned a verdict of not guilty on the murder charge.  *See* (*id.*).

Peterson filed this lawsuit on April 20, 2018, alleging that he was falsely accused and charged with Bundy's murder.  (Compl., ECF No. 2.)  He argued that Pitts "maliciously" concealed video footage confirming Peterson's alibi and that Pitts convinced the District Attorney to reopen previously dismissed drug charges against Peterson so he could "keep [Peterson] in prison until a later date when [Peterson's] initial alibi was no longer available."  (*Id.* at 3.)  On May 29, 2019, Pitts moved for summary judgment, contending that Peterson could not satisfy the elements of a malicious prosecution claim under the Fourth Amendment or any claim under the Fourteenth Amendment.  (Mot. Summ. J., ECF No. 19.)  On June 27, 2019, the Court ordered Peterson to respond to Pitts's Motion by July 22 or it would be treated as uncontested.  (ECF No. 20.)  Peterson has not responded to the Motion or otherwise

---

¹  The Court takes judicial notice of Pitts's Affidavit as a public record.  *See In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 496 (E.D. Pa. 2018) (noting that documents qualifying as public records may be judicially noticed by courts); *Com. v. Curley*, 189 A.3d 467, 473 (Pa. Super. Ct. 2018) (citing *Com. v. Fenstermaker*, 530 A.2d 414, 418 (Pa. 1987)) (holding that probable cause affidavits filed with magistrates and used when deciding to issue arrest warrants are public judicial records).

²  Docket entries in a criminal proceeding are public records, of which the Court takes judicial notice.  *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005) (taking judicial notice of state court proceedings).

communicated with the Court and there is consequently no record evidence to support any of Peterson's allegations.

II

When a party fails to respond to a motion, the Court may treat the motion as uncontested. *See* E.D. Pa. L. R. Civ. P. 7.1(c). However, the Court "may not grant an uncontested summary judgment motion without an independent determination that the movant is entitled to judgment under Fed. R. Civ. P. 56." *Hitchens v. County of Montgomery*, 98 Fed. App'x. 106, 110 (3d Cir. 2004). Yet, "[b]y failing to respond . . . 'the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion.'" *Reynolds v. Rick's Mushroom Serv.*, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003).

Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc. Emp. Health & Welfare Plan*, 298 F.3d 191, 194 (3d Cir. 2002); *see also* FED. R. CIV. P. 56(c). A genuine issue of material fact exists where "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A mere scintilla of evidence in support of the non-moving party will not suffice. *Id.* at 252. There must be evidence by which a jury could reasonably find for the non-moving party. *Id.*

Reviewing the record, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms*, 579 F.3d 285, 286 (3d Cir. 2009). A court may not, however, make credibility

3

determinations or weigh the evidence in considering motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

III

To prevail on a § 1983 Fourth Amendment malicious prosecution claim,[3] Peterson must establish: (1) Pitts initiated a criminal proceeding, (2) the proceeding ended in Peterson's favor, (3) Pitts initiated the proceeding without probable cause, (4) Pitts acted maliciously or for a purpose other than bringing Peterson to justice and (5) Peterson suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding. *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017) (citation omitted).

There is no record evidence that Pitts initiated Peterson's criminal proceeding.[4] "[P]rosecutors rather than police officers are generally responsible for initiating criminal proceedings." *Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 569 (E.D. Pa. 2005). However, "officers who conceal and misrepresent material facts to the district attorney are not insulated from a § 1983 claim for malicious prosecution simply because the prosecutor, grand jury, trial court, and appellate court all act independently to

---

[3] Though Peterson's Complaint references the Fourteenth Amendment, *see* (Compl. at 1), the Court analyzes his claim under the Fourth Amendment, consistent with the United States Supreme Court's holding in *Albright v. Oliver*, 510 U.S. 266 (1994). There, the Court determined that a party claiming malicious prosecution could not rely on a substantive due process theory; rather, "it is the Fourth Amendment, and not substantive due process, under which [a malicious prosecution claim] must be judged." 510 U.S. at 271. The Third Circuit has not ruled on whether a malicious prosecution claim is viable under the procedural due process clause of the Fourteenth Amendment.

[4] Pitts also argues that (1) there was probable cause for Peterson's prosecution and (2) Pitts did not act maliciously or for a purpose other than bringing Peterson to justice. *See* (Def.'s Mem. Supp. Mot. Summ. J. 6–9). The Court need not consider these arguments, which address the third and fourth elements, respectively, because there is no genuine issue of material fact as to the first element. Likewise, the Court need not address Pitts's qualified immunity argument.

facilitate erroneous convictions." *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014). An officer can be liable for malicious prosecution if he "fails to disclose exculpatory evidence to prosecutors, makes false or misleading reports to the prosecutor, omits material information from the reports, or otherwise interferes with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute." *Thomas v. City of Phila.*, 290 F. Supp. 3d 371, 379 (E.D. Pa. 2018) (quoting *Finnemen v. SEPTA*, 267 F. Supp. 3d 639 (E.D. Pa. 2017)). There is no record evidence upon which a reasonable jury could rely to find that Pitts did any of these things. Peterson has not established, for example, that Pitts's Affidavit was false or inaccurate. *See Taylor v. City of Phila.,* Civ. No. 96-740, 1998 U.S. Dist. LEXIS 4295, at *26 (E.D. Pa. Apr. 2, 1998) (finding that police officer who presented evidence to grand jury and prepared the affidavit for the arrest warrant did not initiate the proceeding because the record did not show that he "misrepresented or concealed material information in presenting the case to the prosecutors"). Although the proceeding ended in Peterson's favor, there is no evidence that Pitts concealed anything from the prosecutor or in any way interfered with the prosecution's judgment in deciding to prosecute Peterson for Bundy's murder. Thus, nothing in the record suggests Pitts's misconduct in "influenc[ing] or participat[ing] in the decision to institute criminal proceedings." *Halsey*, 750 F.3d at 297.[5]

    An appropriate Order follows.

---

[5] To the extent that Peterson asserts a § 1983 claim against Pitts for failing to inform the prosecutor of exculpatory information and therefore interfering with his Fourteenth Amendment due process rights, there is no record evidence that Pitts "affirmatively conceal[ed] material evidence from the prosecutor." *See Gibson v. Superintendent*, 411 F.3d 427, 443 (3d Cir. 2005), *overruled on other grounds by Dique v. N.J. State Police*, 603 F.3d 181, 183 (3d Cir. 2010).

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.